UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH TESTONE, on behalf of herself, all others similar situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>GO MACRO, LLC,<br><br>Defendant. | Case No.:  25-cv-1743-RSH-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 10] |

Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint. ECF No. 10. For the reasons below, the Court grants the motion.

**I.    BACKGROUND**

On July 8, 2025, Plaintiff filed this putative class action against Defendant, alleging that Defendant's labelling of its snack bars as healthy is false and misleading, in light of the added sugar contained in the bars. The products at issue include over 20 varieties of snack and protein bars made by Defendant. ECF No. 1 ¶ 1 n.1. Plaintiff alleges that the following statements contained on the labelling for the products are deceptive: "Finally— a bar that's both delicious and good for you!"; "Live Long"; "Eat Positive"; "Be Well";

1

and "have a healthy body." *Id.* ¶¶ 2, 17. Plaintiff also alleges that a small drawing of a heart contained on the labelling is similarly deceptive. *Id.* Plaintiff contends that scientific studies, reports by governmental and nongovernmental bodies, and the statements of the U.S. Food and Drug Administration all establish that the amount of added sugar contained in each of the products is in fact unhealthy. *Id.* ¶¶ 22-56.

Plaintiff alleges that she "regularly purchased the Products throughout the past four years," on average about 10-15 times per year. *Id.* ¶ 83. She made her purchases from various retail stores, buying single protein bars in three varieties. *Id.* She also occasionally purchased the products from online retailers like Amazon. *Id.* Plaintiff alleges, in general terms, that "[i]n purchasing the Products, [she] was exposed to, read, and relied on Go Macro's health and wellness representations described herein." *Id.* ¶ 84. She does not contend that Defendant failed to disclose the amount of added sugar in the products, or that it inaccurately disclosed the amount of added sugar. Instead, she contends that despite any such disclosures, Plaintiff was misled by Defendant's statements because she "was unaware of the extent to which consuming the amounts of added sugar found in the Products adversely affects health, or what amount of added sugar might have such an effect." *Id.* ¶ 86. Plaintiff does not contend that her health was harmed by consuming the products, but rather that she was economically harmed, in that she would not have purchased the products if she had known the statements at issue were false and misleading. *Id.* ¶ 88.

Plaintiff seeks to represent a nationwide class and a California subclass of all persons who purchased any of Defendant's snack bars or protein bars for personal or household use in the four years prior to the filing the Complaint. *Id.* ¶ 100.

The Complaint brings claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"); (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("FAL"); (3) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"); (4) breach of express warranty, pursuant to Cal. Com. Code § 2313(1); (5) breach of implied

warranty of merchantability, pursuant to Cal. Com. Code § 2314; (6) negligent misrepresentation; (7) intentional misrepresentation; and (8) unjust enrichment.

On September 9, 2025, Defendant filed its motion to dismiss. ECF No. 10. The motion is fully briefed. ECF Nos. 11 (opposition), 12 (reply).

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678-79). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003.

Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

For claims alleging "fraud or mistake," a heightened pleading standard applies. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud," including "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." (citation and internal quotation marks omitted)). A pleading must also identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

"A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess*, 317 F.3d at 1107. "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Id.*

//
//

## III. ANALYSIS

### A. Preemption

As a threshold matter, Defendant argues that Plaintiff's claims are preempted by the Nutrition Labeling and Education Act (the "NLEA"), specifically, 21 U.S.C. § 343-1(a)(2). ECF No. 10 at 14. That provision states:

> (a) Except as provided in subsection (b), no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce—
> . . . .
> (2) any requirement for the labeling of food of the type required by section 343(c), 343(e), 343(i)(2), 343(w), or 343(x) of this title that is not identical to the requirement of such section ….

21 U.S.C. § 343-1(a)(2). Defendant does not, however, articulate how Plaintiff's claims invoke a state-law "requirement for the labeling of food of the type required by section 343(c), 343(e), 343(i)(2), 343(w), or 343(x)" that is "not identical to the requirement of such section." Indeed, Defendant's motion does not discuss or mention these subsections of the NLEA.[1] These sections establish labelling requirements regarding imitation of another food (§ 343(c)); package form (§ 343(e)); identification of ingredients (§ 343(i)(2)); major food allergens (§ 343(w)); and nonmajor food allergens (§ 343(x)). None of these provisions appears to apply to Plaintiff's allegation that Defendant misrepresented its products as healthy, and Defendant provides no further analysis of the statutory language.[2] The Court is not persuaded that Plaintiff's claims are preempted by 21 U.S.C.

---

[1] Defendant's reply brief does not address preemption. ECF No. 12.
[2] Defendant also argues, "to the extent Plaintiff is seeking to require Go Macro to change the way it discloses the amount of sugar or add a disclosure about sugar that is not required by FDA, her claims are preempted." ECF No. 10 at 15. In response, Plaintiff expressly disclaims such a theory, stating that she is "not seeking to change how Go Macro discloses the amount of sugar in the Products," but rather alleging that Defendant's statements about the healthfulness of the products are misleading in light of the products' added sugar content. ECF No. 11 at 13.

§ 343-1(a)(2). *See LeGrand v. Abbott Labs.*, 655 F. Supp. 3d 871, 888 (N.D. Cal. 2023) "(The burden is on the party arguing the federal law preempts the state law claim to show preemption.").

### B.      Failure to Plead With Particularity

Defendant argues that Plaintiff's claims "sound in fraud" and are subject to the heightened pleading requirements of Rule 9(b). ECF No. 10 at 7-9. Plaintiff does not dispute this, but responds that her claims satisfy that heightened pleading requirement. ECF No. 11 at 15-18. The Court agrees that Plaintiff's claims, each of which is based on Defendant's alleged misrepresentations about the healthy nature of its products, sound in fraud and are subject to the heightened pleading standard. *See Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."); *Carter v. Rasier-CA, LLC*, No. 17-CV-00003-HSG, 2017 WL 4098858, at *4 (N.D. Cal. Sept. 15, 2017) (applying Rule 9(b) to claims for intentional and negligent misrepresentation), aff'd, 724 F. App'x 586 (9th Cir. 2018); *Arabian v. Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) (applying Rule 9(b) standard to claims of breach of express warranty, breach of implied warranty, breach of contract, and unjust enrichment because the plaintiff's claims "ar[o]se from the unified course of conduct: Defendant fraudulently misrepresenting that its products contain Real Flavors").

Applying that standard here, the Court cannot discern from the Complaint which alleged misrepresentations Plaintiff reviewed prior to making her purchases. The Complaint only specifically mentions her exposure to one statement: "Finally – a bar that's both delicious and good for you." ECF No. 1 ¶¶ 17, 84. The Complaint does not allege when or where she saw this statement, or how this statement was connected to or associated with the product(s) she bought. Plaintiff alleges that the statement was contained on "the labeling of the Products," *id.* ¶ 84, but the Complaint's example of this labelling features the statement as part of a narrative contained on the bottom of a box of bars, *id.* ¶ 18, and Plaintiff alleges that she "would purchase single Protein Bars," and made unspecified

purchases of products online, *id.* ¶ 83. Neither of these channels of purchase—single bars at a retail store, or a purchase from a web page—would necessarily expose her prior to purchase to a statement made on the bottom of a multi-pack carton. Additionally, Plaintiff does not identify which statements, if any, she relied upon in making her purchases; and what she interpreted them to mean. Finally, Plaintiff does not explain which specific products she purchased in reliance upon such statements; or when and where these specific purchases were made. Plaintiff's blanket statements that "[i]n purchasing the Products, Ms. Testone was exposed to, read, and relied on Go Macro's health and wellness representations described herein," *id.* ¶ 84, and that she "acted reasonably in relying on the challenged labeling claims," *id.* ¶ 87, are conclusory and do not satisfy Rule 9(b).

In responding to Defendant's Rule 9(b) arguments, Plaintiff offers that "[i]f necessary, Plaintiff could make her allegations more direct on amendment." ECF No. 11 at 17 n.9. The Court concludes that Plaintiff's claims are subject to dismissal for failing to satisfy Rule 9(b), but grants Plaintiff the opportunity to amend her pleading to satisfy Rule 9(b) and address the deficiencies identified in previous paragraph. For each misrepresentation that Plaintiff identifies as being one she relied upon, she must also allege what is false about the statement, and why it is false.[3]

In light of this disposition, the Court declines to address at this time Defendant's remaining arguments for Rule 12(b)(6) dismissal.

//

//

---

[3] Separate from Rule 9(b), Defendant also argues that Plaintiff's common-law claims for intentional misrepresentation, negligent misrepresentation, and unjust enrichment should be dismissed because the Complaint fails to specify under what state's law those claims are brought. ECF No. 10 at 23. Plaintiff responds that "[i]t can reasonably be inferred that Plaintiff is alleging [these] claims under California law," and requests leave to amend "[t]o the extent the Court finds a more express allegation needed." ECF No. 11 at 24. Plaintiff's amended pleading should so indicate.

### C. Standing

Defendant's motion also challenges Plaintiff's standing to pursue certain class claims "[i]f Plaintiff's claims are permitted to proceed," ECF No. 10 at 18-19, and argues that Plaintiff does not have standing to seek the remedy of injunctive relief, *id.* at 17.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III, Section 2 of the U.S. Constitution requires that a plaintiff have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he or she has "suffered an injury in fact—an invasion of a legally protected interest" (1) that is "concrete and particularized" and "actual or imminent," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (citing *Lujan*, 504 U.S. at 560). The plaintiff has the burden to establish standing, and at the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Id.* (cleaned up).

Defendant does not contest that Plaintiff has standing to bring her own claims based on any products she purchased in reliance on Defendant's alleged misrepresentations. The Court concludes that she does have standing, but—as set forth above—also concludes that her Complaint is subject to dismissal for failure to plead with the required particularity. In the event Plaintiff succeeds in stating a claim that makes available to her the remedy of injunctive relief, the Court will determine whether she has standing to pursue such a remedy in connection with that claim.

In a class action, "[p]laintiffs must show standing with respect to each form of relief sought," and "[s]tanding exists if at least one named plaintiff meets the requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). The Court declines at this stage to address, under the rubric of Article III standing, whether Plaintiff will be able to serve as a class representative for class members who bought different products or who reside in different states. *See also Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir.

2015) (adopting the "class certification approach," which holds that "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded"). The Court also declines to address the manageability of the putative class at this stage, particularly where Plaintiff has not yet pleaded a claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. The Court **DISMISSES** the Complaint with leave to amend.

The Court **GRANTS** Plaintiff leave to file an amended complaint within *fourteen (14) days* of the date of this order. The amended pleading shall comply with CivLR 15.1. If Plaintiff fails to file an amended pleading within that timeframe, the action will be dismissed.

**IT SO ORDERED**.

Dated:  December 17, 2025

_____
Hon. Robert S. Huie
United States District Judge