UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH TESTONE, on behalf of herself, all others similar situated, and the general public, | Case No.: 25-cv-1743-RSH-KSC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| v. | [ECF No. 15] |
| GO MACRO, LLC, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. ECF No. 15. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants the motion.

I.      BACKGROUND

A.      **Plaintiff's Allegations**

On July 8, 2025, Plaintiff filed this putative class action against Defendant, alleging that Defendant's labeling of its snack bars as healthy is false and misleading in light of the added sugar contained in the bars. The products at issue include over 20 varieties of snack and protein bars made by Defendant with names like "Salted Caramel + Chocolate Chip,"

"Double Chocolate + Peanut Butter Chips," "Cinnamon Roll," "Chocolate Chip Cookie Dough," and "Double Chocolate Brownie." ECF No. 1 ¶ 1 n.1. Plaintiff alleges that Defendant deceptively labels the Products with statements intended "to convince consumers its Products are healthier than they actually are" so that it can charge higher prices to heath-conscious consumers. *Id.* ¶¶ 2, 14-17. Plaintiff contends that, despite these label representations of healthiness, scientific studies, reports by governmental and nongovernmental bodies, and FDA statements and guidelines all establish that the amount of added sugar contained in each of the Products is, in fact, unhealthy and disease-causing. *Id.* ¶¶ 22-56.

Plaintiff is a San Diego resident who alleges that she "regularly purchased the Products throughout the past four years," on average about 10-15 times per year. *Id.* ¶ 83. She made her purchases predominantly from various retail stores, buying multi-packs and single protein bars in five varieties. *Id.*[1] Plaintiff also occasionally purchased the products from online retailers like Amazon. *Id.* In making these purchases, Plaintiff alleges "[she] was exposed to, read, and relied on the following statements on the multi-pack packaging: 'Finally—a bar that's both delicious and good for you!'; 'Live Long'; 'Eat Positive,' and 'help you have a healthy body.'" *Id.* ¶ 85. She also alleges she "was exposed to," "read," and "relied on" the statement "help you have a healthy body" on the Products' individual wrappers. *Id.* ¶ 86. Although she does not allege reliance on the statement "Be Well" and its accompanying heart vignette, she alleges these representations are deceptive. *Id.* ¶ 17.

//
//
//
//

---

[1]    The five varieties Plaintiff purchased are "Salted Carmel Chocolate Chip, Peanut Butter, Lemon + Lemon, White Chocolate Macadamia, and Coconut + Almond + Chocolate Chip flavors." ECF No. 15 ¶ 83.

Plaintiff provides several images of the Products' labels in the Amended Complaint, with boxes indicating the specific false statements upon which she allegedly relied. Following are images of the front and back packaging of an individually wrapped bar:





*Id.* ¶ 18. The Amended Complaint also provides images apparently of the back of a multi-pack box:



*Id.*

3

25-cv-1743-RSH-KSC

Plaintiff does not contend that Defendant failed to disclose the amount of added sugar in the Products on the Nutrition Facts Panel ("NFP"), or that the NFP inaccurately disclosed the amount of added sugar. Instead, she contends that despite any such disclosures, Plaintiff was misled by Defendant's statements because she "was unaware of the extent to which consuming the amounts of added sugar found in the Products adversely affects health, or what amount of added sugar might have such an effect." *Id.* ¶ 90. Plaintiff does not contend that her health was harmed by consuming the Products, but rather that she was economically harmed, in that she would not have purchased the Products if she had known the statements at issue were false and misleading. *Id.* ¶¶ 92-99.

Plaintiff seeks to represent a nationwide class and a California subclass of all persons who purchased any of the Products for personal or household use in the four years prior to the filing the Complaint. *Id.* ¶ 103.

### B.    Procedural Background

On July 8, 2025, Plaintiff filed this putative class action against Defendant. ECF No. 1. On September 9, 2025, Defendant filed a motion to dismiss the Complaint. ECF No. 10. On December 17, 2025, the Court granted Defendant's motion to dismiss on Rule 9(b) grounds, holding Plaintiff failed to identify with particularity the circumstances of her exposure to and reliance on the statements at issue. ECF No. 13. The Court granted Plaintiff leave to amend, *id.*, and on December 30, 2025, Plaintiff filed an Amended Complaint, the operative pleading, ECF No. 14. The Amended Complaint addressed the Court's previous dismissal order by including allegations regarding the circumstances of her purchase of the Products. ECF No. 14-1 at 28-29.

The Amended Complaint brings claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); (3) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (4) breach of express warranty, pursuant to Cal. Com. Code § 2313(1); (5) breach of implied warranty of merchantability, pursuant to Cal. Com. Code § 2314; (6)

25-cv-1743-RSH-KSC

negligent misrepresentation; (7) intentional misrepresentation; and (8) unjust enrichment.

On January 13, 2026, Defendant filed its motion to dismiss the Amended Complaint. ECF No. 15. The motion is fully briefed. ECF Nos. 16 (opposition), 17 (reply).

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678-79). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003.

25-cv-1743-RSH-KSC

Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

### B.    Rule 9(b)

For claims alleging "fraud or mistake," a heightened pleading standard applies. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud," including "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." (citation and internal quotation marks omitted)). A pleading must also identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

"A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess*, 317 F.3d at 1107. "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Id.*

//

25-cv-1743-RSH-KSC

## III.   ANALYSIS

Plaintiff alleges that the challenged statements on the Products' labels are "designed to convince consumers [Defendant's] Products are healthier than they actually are," while in fact, the amounts of added sugar in the Products render them disease-causing. ECF No. 14 ¶ 17. This theory of deception underlies all her claims. *See id.* at 30-40.

### A.   Consumer Deception Claims

#### 1.   *The Reasonable Consumer Standard*

The UCL, FAL, and CLRA each prohibit deceptive business practices. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under these statutes, conduct is considered deceptive or misleading if the conduct is "likely to deceive" a "reasonable consumer." *Id*. This standard also applies to common law claims for negligent and intentional misrepresentation. *See Girard v. Toyota Motor Sales, U.S.A., Inc*., 316 F. App'x 561, 562 (9th Cir. 2008) (concluding that the justifiable reliance element of negligent misrepresentation equates to the reasonable consumer standard); *Correia v. Johnson & Johnson Consumer*, No. CV 18-9918 PSG (ASX), 2019 WL 2120967, at *3 (C.D. Cal. May 9, 2019) (applying the reasonable consumer standard to intentional misrepresentation claim). The Ninth Circuit has explained, in the context of a motion to dismiss, that

> [t]his is not a negligible burden. To meet this standard, Plaintiffs must demonstrate 'more than a mere possibility that [the seller's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . . [r]ather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.' . . . Indeed, a plaintiff's unreasonable assumptions about a product's label will not suffice.

*Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (quoting *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016)). Courts should "take into account all the information available to consumers and the context in which that information is provided and used." *Id*.

//

25-cv-1743-RSH-KSC

### 2.     *Disclosures of Added Sugar on the NFP*

Defendant first argues that Plaintiff's claims should be dismissed because reasonable consumers would not be misled by the Products' labels since the statements at issue are directly next to the NFPs, which clearly state the amount of added sugar in the Products. ECF No. 15 at 19. Defendant argues that "[i]t is simply implausible that reasonable consumers . . . concerned about sugar content would rely only on select rear label statements to the exclusion" of the nutrition facts "immediately adjacent" to the challenged statements. ECF No. 15 at 20 (citing *Seljak v. Pervine Foods, LLC*, No. 21 CIV. 9561 (NRB), 2023 WL 2354976, at *13 (S.D.N.Y. Mar. 3, 2023); *Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-CV-00296-WHO, 2013 WL 5514563, at *8 (N.D. Cal. Oct. 4, 2013); *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW DTBX, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012)).

Plaintiff responds that "[t]he disclosure of the gram amount of added sugar in the Products' NFPs is insufficient to dispel Go Macro's misleading health and wellness claims and omissions" because "reasonable consumers [are] not expected to inspect that information" and even if they were to do so, "most consumers cannot make accurate assessments of a food's healthfulness based on" the NFP. ECF No. 14 ¶ 62; *see* ECF No. 16 at 9-10 (citing ECF No. 14 ¶¶ 64-78).

The proximity of challenged statements to clarifying information elsewhere on the package informs the reasonable consumer deception analysis. The California Court of Appeal has contrasted cases in which qualifying information was presented on the same side as a challenged statement, against cases in which qualifying information was presented on a different side of the packaging. *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167-70 (Ct. App. 2018) (discussing the "front-back dichotomy"). When consumers can read the qualifying information on the same side of the packaging as the challenged statement, courts are more likely to find a reasonable consumer would not be deceived. *Id.*

Additionally, where a defendant argues that a misrepresentation on the "front" of packaging is clarified by information contained on the "back" of the packaging, the Ninth

25-cv-1743-RSH-KSC

Circuit has held that "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023). In *McGinity*, the Ninth Circuit upheld the dismissal of the plaintiff's consumer claims where the ambiguous statement on the front label ("Nature Fusion"), allegedly promising that the product was wholly natural, was clarified by the ingredient list and other phrases on the back of the label. *Id.* at 1099.

In applying the reasonable consumer standard at the motion to dismiss stage, courts may also determine that a statement may be sufficiently ambiguous that a reasonable consumer would require more information—whether contained on another part of the packaging or not—before interpreting the statement in the deceptive manner alleged by the plaintiff. In *Moore v. Trader Joe's Co.*, the Ninth Circuit held that the label "100% New Zealand Manuka Honey" was not likely to deceive a reasonable consumer into believing that the product contained only honey from the Manuka flower. 4 F.4th at 876-77. The court reasoned that there was "some ambiguity as to what 100% mean[t] in the phrase, '100% New Zealand Manuka Honey,'" and explained that "reasonable consumers would necessarily require more information before they could reasonably conclude Trader Joe's label promised a honey that was 100% derived from a single, floral source." *Id.* at 882. As the Ninth Circuit explained in *McGinity*, describing its earlier holding in *Moore*, "[t]his additional information could be something on the rest of the packaging (e.g., the ingredient list), the relative price of the product, or in the context of honey, general knowledge about how honey is made. While the reasonable consumer is not expected to be an expert in honey production, the reasonable consumer should know that beekeepers cannot force bees to gather honey from only certain types of flowers." *McGinity*, 69 F.4th at 1097 (citing *Moore*, 4 F.4th at 882-85).

Here, the alleged misrepresentations at issue do not involve the "front-back dichotomy." They are contained on the *same* side of the packaging as the Nutrition Facts Panel. Where clarifying information is located adjacent to, or near, challenged statements,

25-cv-1743-RSH-KSC

courts routinely find reasonable consumers would not be deceived. *See Morgan*, 2013 WL 5514563 at *8 (where amount of sugar in the product is "*literally next to* the allegedly misleading representation in the same print size," a reasonable consumer could not be deceived) (emphasis added); *Klammer v. Mondelez Int'l, Inc.*, No. 22-cv-02046-JSW, 2023 WL 105095, at *5 (N.D. Cal. Jan. 4, 2023) ("[T]he Court concludes Plaintiff has not shown that a reasonable consumer would be deceived as to the meaning of 'protein-packed' on the back label because the Nutrition Facts panel *located near* the statement clarifies the grams of protein in the product.") (emphasis added); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1101 (N.D. Cal. 2017) ("[T]he information concerning the amount of protein originating from milk and cereal is *located directly below* the allegedly misleading statement. A reasonable consumer viewing this infographic would conclude that the amount of protein represented comes from a combination of cereal and milk.") (emphasis added); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) ("[N]o reasonable consumer is likely to think that 'Original Vanilla' refers to a natural ingredient when that term is *adjacent* to the phrase, 'Artificially Flavored.'") (emphasis added); *Cleveland v. Campbell Soup Co.*, 647 F. Supp. 3d 772, 775-76 (N.D. Cal. 2022) ("A consumer does not need to . . . turn the package around for details, or do anything other than look at the front label to obtain the calorie count for a cracker serving."); *Broussard v. Dole Packaged Foods, LLC*, No. 23-cv-03320-HSG, 2024 WL 1540221, at *13 (N.D. Cal. Apr. 8, 2024) ("It is simply implausible that a reasonable consumer who knows they are buying a sweet product . . . and who reads [the] challenged statement . . . *immediately adjacent* to the Nutrition Facts panel showing the amount of both naturally occurring and added sugar, would assume that the Product is generally healthy or would not increase the risk of any disease.") (emphasis added) (internal quotation marks and record citation omitted); *Genexa, Inc. v. KinderFarms LLC*, No. CV 22-9291-MWF (SKx), 2023 WL 12166249, at *9 (C.D. Cal. Apr. 14, 2023) ("The . . . dosage information on the *same panel* as the [challenged statement] [is] context that serves to sanitize any potential misunderstanding regarding the [challenged statement] . . . .") (emphasis added); *Warren*

*v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 115 (E.D.N.Y. 2021) (reasonable consumers would not ignore "nutrition label" "*immediately adjacent*" to challenged statement) (emphasis added).

Plaintiff argues that "food consumers are not 'required, as a matter of law, to cross-reference [marketing] statements . . . against information found in small print elsewhere on the product.'" ECF No. 16 at 9 (quoting *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 670 (9th Cir. 2017)). But the nutrition facts on the packaging here are far from hidden. They are contained on the packaging near the challenged statements, in a type size similar to (if not larger than) that of the challenged statements. *See Bobo v. Optimum Nutrition, Inc.*, No. 14CV2408 BEN (KSC), 2018 WL 11354864, at *5 (S.D. Cal. Sep. 11, 2015) (concluding a reasonable consumer would not be misled where a product's clarifying statement "is displayed in font significantly larger than the ingredient list"). If anything, the quantitative information about added sugar, which is contained on a line of its own, is presented in a *more* prominent manner than the alleged misrepresentations.[2]

Plaintiff also argues that, regardless of its proximity to the challenged statements, consumers do not read or understand NFPs, as she alleges in the Amended Complaint. *See* ECF No. 14 ¶ 62; ECF No. 16 at 9-10 (citing ECF No. 14 ¶¶ 64-78). Because "[t]he Court must accept these allegations as true," she argues, the Court cannot conclude that "the [NFP] dispels any deception." ECF No. 10 at 9-10. The Court disagrees. While on a motion to dismiss, the Court accepts Plaintiff's allegations as true, the Court is not "required to

---

[2]    Furthermore, the ingredient lists on the packaging appear to disclose the added sugar in yet another manner. The *first* ingredient listed on the labels reproduced in the Amended Complaint is "organic brown rice syrup." ECF No. 14 ¶ 18. "Organic coconut sugar" is also listed as an ingredient. *Id. See Clark v. Perfect Bar, LLC*, No. C 18-06006 WHA, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018) ("No consumer, on notice of the actual ingredients described on the packing including honey and sugar, could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar and describes its recipe as having been handed down from a health-nut parent.").

accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Plaintiff's theory of consumer behavior contradicts well-established law requiring courts to impute common sense to consumers. *See Moore*, 4 F.4th at 884 ("[G]iven the sheer implausibility of Plaintiffs' alleged interpretation, a consumer of any level of sophistication could not reasonably interpret Trader Joe's label as Plaintiffs assert. . . . Plaintiffs' alleged assumption is not just 'unreasonable' or 'fanciful.' It is implausible."); *Brady*, 26 Cal. App. 5th at 1165-66 (courts routinely dismiss claims when "a claim of misleading labeling runs counter to ordinary common sense or the obvious nature of the product"); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG (PLAx), 2018 WL 11354864, at *7 (C.D. Cal. Jan. 24, 2018) ("Although a 'reasonable consumer' need not be exceptionally acute and sophisticated, she cannot ignore basic and well-known facts.") (citation omitted); *id.* at *5 ("ignor[ing] the clear language on the product's label … is an unreasonable act" and "[c]ourts have routinely denied consumer product claims where … a product's label clearly dispels whatever misrepresentation allegedly exists") (collecting cases); *Elliott v. Conagra Brands, Inc.*, No. 2:23-cv-01417-MCE-AC, 2024 WL 3275567, at *4 (E.D. Cal. July 1, 2024) ("The crux of Plaintiff's argument is essentially that she did not read the label. The reasonable consumer who performs a quick scan of Smart Balance Original's front label knows the exact percentage of vegetable oil contained in the product they are purchasing."); *Warren*, 574 F. Supp. 3d at 115 ("Courts 'view each allegedly misleading statement in light of its context on the product label or advertisement as a whole. . . . [E]ven if a reasonable consumer was unaware of . . . the nutrition label's purpose, the fact remains that the words 'Sugars 11g' are prominently displayed immediately next to the ingredient list. Those words are hard to miss.") (internal quotation marks and citations omitted).

Finally, Plaintiff contends that even if a consumer did read and understand the NFP, the NFP would not enable to a reasonable consumer to evaluate the healthfulness of the

25-cv-1743-RSH-KSC

product at issue. ECF No. 16 at 10. Although the NFP may not allow a consumer to evaluate *all* aspects of a product's healthfulness, Plaintiff's theory of misrepresentation here relates to the unhealthiness of *added sugars* contained in a product. The NFP not only specifically advises the consumer of that quantity of added sugar in absolute terms (in grams), but also reports that quantity as a percentage of the recommended daily amount of added sugar based on a 2,000 calorie diet. *See* ECF No. 14 ¶ 18. A consumer can readily see how the percentage of added sugar compares to that of other nutrients on the label (e.g., that a serving has 4% of the recommended daily value of fat and protein, but 8% of the recommended daily value for added sugar). Moreover, simple arithmetic would allow a consumer to determine whether a given product has proportionally more or less added sugar relative to what the FDA recommends for a daily diet (e.g., that a 100-calorie snack bar amounts to 5% of a 2000-calorie diet, but has added sugar equal to 8% of the amount recommended). Indeed, the fact that the NFP contains a line for "added sugars" indicates that a reasonable consumer may want to be cognizant of that category of information—like the separate line for sodium—for nutritional or health reasons. *See Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 944 (N.D. Cal. 2017) (discussing 2016 FDA rule requiring separate identification of added sugars on the NFP). Just as the Ninth Circuit attributed to the reasonable consumer "general knowledge about how honey is made," *McGinity*, 69 F.4th at 1097, here, the information presented on the NFP on the packaging, in the context of a reasonable consumer's general knowledge about added sugar and nutrition, is inconsistent with being misled about the product's healthfulness. *See Truxel v. Gen. Mills Sales, Inc.*, No. C 16-04957 JSW, 2019 WL 3940956, at *4 (N.D. Cal. Aug. 13, 2019) ("Plaintiffs cannot plausibly claim to be misled about the sugar content of their cereal purchases because Defendant provided them with all truthful and required objective facts about its products, on both the side panel of ingredients and the front of the products' labeling.").

"Many California district courts 'have rejected theories of fraud where plaintiffs alleged the presence of added sugars rendered a general health-related claim fraudulent.'"

25-cv-1743-RSH-KSC

*Lee v. Nature's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963, at *3 (S.D. Cal. Nov. 9, 2023) (quoting *Sanchez v. Nurture, Inc.*, No. 5:21-CV-08566-EJD, 2023 WL 6391487, at *7 (N.D. Cal. Sept. 29, 2023)) (collecting cases). While "several other district courts have reached the opposite conclusion," *Lee,* 2023 WL 7434963 at *3 n.2, on the record here, this Court "take[s] into account all the information available to consumers and the context in which that information is provided and used," *Moore*, F.4th at 882, and determines that Plaintiff fails to state a claim for consumer deception.

The Court dismisses Plaintiff's FAL, CLRA, UCL, and intentional and negligent misrepresentation claims, each of which is based on Plaintiff's defective theory of deception. *See* ECF No. 14 at 30-39.

### B.    Plaintiff's Other Claims

Plaintiff's claims for breach of express and implied warranty, and for unjust enrichment, are based on her consumer deception claims. ECF No. 15 ¶¶ 149-150, 154-157 (breach of warranty claims based on allegation that Products did not meet the affirmations on the labeling), 184 (unjust enrichment claim based on claims alleging "unlawful and inequitable conduct").

Because the Court has dismissed Plaintiff's consumer deception claims, the Court dismisses these claims as well. *See Mijeong Kim v. Bluetriton Brands, Inc.,* No. 22-56063, 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024) (plaintiff's breach of express and implied warranty claims, as well as her unjust enrichment claim, "fail because they presume the success of her consumer deception and fraud claims"); *Lee*, 2023 WL 7434963 at *4-6 (S.D. Cal. Nov. 9, 2023) (dismissing breach of warranty claims and unjust enrichment claims because the alleged deception was found not to exist).[3]

---

[3]    In light of this disposition, the Court declines to address Defendant's remaining arguments for Rule 12(b)(6) dismissal, as well as its argument that Plaintiff lacks standing to pursue injunctive relief. The Court also declines to take judicial notice of the website and product label copies as requested in Defendant's motion. ECF No. 15-1.

25-cv-1743-RSH-KSC

## C.   Leave to Amend

"A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Telesaurus VPC*, 623 F.3d at 1003 (quoting *Schreiber Distrib. Co. v. Serv– Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Here, Plaintiff's claims are deficient because they rest on a theory of deception that is undermined by the facts as Plaintiff herself has alleged them—including the nature and location of the alleged misrepresentations in relation to the disclosures regarding added sugars. Plaintiff has not given an indication of how leave to amend would address Defendant's arguments, and the Court concludes that leave to amend here would be futile here because the packaging is not deceptive. *See Husain v. Campbell Soup Co.*, 747 F. Supp. 3d 1265, 1275 (N.D. Cal. 2024) ("After careful consideration of the Product's packaging, the Court is convinced that it is not plausibly deceiving to reasonable consumers. Because Plaintiff cannot allege additional facts that will change the representations included on the Product's labels, any amendment would be futile."); *Lee*, 2023 WL 7434963 at *6 (dismissing complaint on similar grounds without granting leave to amend); *Truxel*, 2019 WL 3940956 at *5 (same); *Clark*, 2018 WL 7048788 at *1 (same).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. The Court **DISMISSES** the Amended Complaint without leave to amend.

**IT SO ORDERED**.

Dated: April 8, 2026

Hon. Robert S. Huie
United States District Judge

15

25-cv-1743-RSH-KSC